UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-cv-_____ |
| v. | ) | Judge: |
| | ) | |
| THE STATE OF ILLINOIS; | ) | |
| THE ILLINOIS STATE BOARD OF | ) | |
| ELECTIONS; and STEVE SANDVOSS, | ) | |
| Executive Director of the Illinois State | ) | |
| Board of Elections, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT

The United States of America alleges:

1.      This action is brought by the Attorney General on behalf of the United States

pursuant to the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 52 U.S.C.

§§ 20301 *et seq*, as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No.

111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009) ("MOVE Act").

2.      The Attorney General is authorized to enforce the provisions of UOCAVA, 52

U.S.C. § 20307, and brings this action for declaratory and injunctive relief to ensure that absent

uniformed services voters and overseas voters ("UOCAVA voters") will have the opportunity to

vote guaranteed by UOCAVA in Illinois's 2015 special election to fill a vacancy in the State's

Eighteenth Congressional District, and in future special elections for United States

Representative in Congress.  The Court has jurisdiction of this action pursuant to 52 U.S.C. §
20307 and 28 U.S.C. §§ 1345 and 2201.

3.     UOCAVA requires that states permit UOCAVA voters "to use absentee
registration procedures and to vote by absentee ballot in general, special, primary, and runoff
elections for Federal office."  52 U.S.C. § 20302(a)(1).

4.     Defendant State of Illinois is responsible for complying with UOCAVA and
ensuring that validly requested absentee ballots are transmitted to UOCAVA voters in
accordance with the statute's requirements.  52 U.S.C. §§ 20302 and 20310.

5.     Defendant Illinois State Board of Elections is the state body with general
supervisory powers over the administration of election laws in Illinois and is comprised of eight
members appointed by the Governor.  10 Ill. Comp. Stat. 5/1A-1.  Defendant Steve Sandvoss is
the Executive Director of the Illinois State Board of Elections and is sued in his official capacity.

6.     Section 102(a)(8)(A) of UOCAVA requires that states transmit validly requested
ballots to UOCAVA voters not later than 45 days before an election for Federal office when the
request is received at least 45 days before the election, unless a hardship exemption is obtained
pursuant to Section 102(g) of UOCAVA.  52 U.S.C. §§ 20302(a)(8)(A) and 20302(g).

7.     Pursuant to the Illinois Election Code, when a vacancy occurs in the office of
United States Representative in Congress more than 180 days before the next general election,
the Governor shall issue a writ within five days following the vacancy setting a date within 115
days to hold a special election to fill the vacancy.  10 Ill. Comp. Stat. 5/25-7(a).

8.     Aaron Schock, the United States Representative from the State's Eighteenth
Congressional District, resigned effective March 31, 2015, which is more than 180 days before

the next election, thus triggering the Governor's obligation to issue a writ to hold a special election.

9.      On March 31, 2015, the Governor issued writs ordering a special primary election and special election to fill the vacancy in the Eighteenth Congressional District.  The Governor set the special election for July 24, 2015, and a special primary election, if necessary, for June 8, 2015.

10.      Under the Illinois Election Code, the deadline for filing candidate nomination petitions must be at least 15 days after the issuance of the writ of election.  *See* 10 Ill. Comp. Stat. 5/7-61.  Petitions for nominations to fill a vacancy in the office of United States Representative in Congress must be filed between 54 and 50 days before a special primary election.  10 Ill. Comp. Stat. 5/25-7(b).  Additionally, objections to candidate nomination petitions may be made within five business days after the deadline for filing such petitions.  10 Ill. Comp. Stat. 5/10-8.

11.      Application of the referenced provisions of the Illinois Election Code prevents the State from ensuring transmittal of absentee ballots to UOCAVA voters at least 45 days before any special election to fill a vacancy in the office of United States Representative in Congress, including for the recently scheduled special primary election and special election in the Eighteenth Congressional District.  Defendants' inability to transmit absentee ballots to UOCAVA voters at least 45 days before an election for Federal office constitutes a violation of Section 102(a)(8)(A) of UOCAVA, 52 U.S.C. § 20302(a)(8)(A).

12.      An order of this Court is necessary to require Defendants to take corrective action to protect the rights granted by UOCAVA.  Specifically, an order is necessary to ensure that Illinois provides its UOCAVA voters the time specified under Federal law to receive, mark, and

submit their ballots and have those ballots counted in the imminent elections to fill the vacancy in Illinois' Eighteenth Congressional District, and to prevent UOCAVA violations in future special elections the State may hold for United States Representative in Congress.

WHEREFORE, the United States asks this Court to hear this action pursuant to 52 U.S.C. § 20307 and 28 U.S.C. §§ 1345 and 2201, and:

(1)     Issue a declaratory judgment that Defendants' failure to ensure that absentee ballots are transmitted to UOCAVA voters at least 45 days in advance of a special primary election and in advance of a special election for Federal office violates Section 102(a)(8)(A) of UOCAVA, 52 U.S.C. § 20302(a)(8)(A);

(2)     Issue a declaratory judgment that the provisions of the Illinois election code governing the schedule for special elections, to the extent they impede Defendants' ability to transmit absentee ballots to UOCAVA voters at least 45 days in advance of any special election to fill a vacancy for United States Representative in Congress, including the upcoming special elections to fill the vacancy in Illinois's Eighteenth Congressional District, violate Section 102(a)(8)(A) of UOCAVA, 52 U.S.C. § 20302(a)(8)(A); and

(3)     Issue injunctive relief ordering the Defendants, their agents and successors in office, and all persons acting in concert with them:

(a)     To take such steps as are necessary to implement an election schedule that ensures that absentee ballots can be transmitted to UOCAVA voters at least 45 days in advance of the upcoming special primary and special election to fill the vacancy in Illinois's Eighteenth Congressional District;

(b)     To take such steps as are necessary to afford UOCAVA voters affected by the Court's order a reasonable opportunity to learn of the Order;

(c)     To provide reports concerning the transmission, receipt, and counting of ballots for the special primary election and special election for United States Representative from Illinois' Eighteenth Congressional District; and

(d)     To take such other steps as are necessary to ensure that Illinois conducts all future special elections for United States Representative in compliance with UOCAVA requirements.

The United States further asks this Court to order such other relief as the interests of justice may require, together with the costs and disbursements of this action.

Date: April 6, 2015

ERIC H. HOLDER, JR.
Attorney General

ZACHARY T. FARDON
United States Attorney
Northern District of Illinois

VANITA GUPTA
Acting Assistant Attorney General
Civil Rights Division

By: /s/ Patrick W. Johnson
PATRICK W. JOHNSON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
Telephone:     (312) 353-5327
Patrick.johnson2@usdoj.gov

T. CHRISTIAN HERREN JR.
TIMOTHY F. MELLETT
SPENCER R. FISHER
ANGELA J. MILLER
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone:     (202) 353-0099
Facsimile:     (202) 307-3961

6