

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**15CV2997**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Case No. |
| v. | ) ) | Judge: |
| THE STATE OF ILLINOIS; THE ILLINOIS STATE BOARD OF ELECTIONS; and STEVE SANDVOSS, Executive Director of the Illinois State Board of Elections, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## CONSENT DECREE

Plaintiff United States of America initiated this action against the State of Illinois, the Illinois State Board of Elections, and Steve Sandvoss, the Executive Director of the Illinois State Board of Elections, in his official capacity (collectively, "Defendants"), to enforce the requirements of the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 52 U.S.C. §§ 20301 *et seq.* The United States' complaint alleges an imminent violation of UOCAVA with respect to a special election to fill the vacant office of United States Representative from Illinois's Eighteenth Congressional District. Under the truncated schedule prescribed by current state law governing special elections, Illinois cannot ensure transmittal of absentee ballots to absent uniformed services voters and overseas voters ("UOCAVA voters") by the 45th day before the recently scheduled June 8, 2015 special primary election and July 24, 2015 special election, as required by Section 102(a)(8)(A) of UOCAVA. 52 U.S.C. § 20302(a)(8). As a result, UOCAVA voters will not be provided the time specified under Federal

law to receive, mark, and submit their ballots and have those ballots counted in the upcoming special elections. The complaint also seeks relief to prevent such violations in future special elections to fill vacancies in the office of United States Representative in Illinois.

The United States and Defendants, through their respective counsel, have conferred and agree that this action should be settled without the delay and expense of litigation. This consent decree is similar in nature to a consent decree entered by the Court in *United States v. Illinois*, No. 13-cv-00189 (N.D. Ill. 2013) (consent decree provided measures to remedy the specific violations of UOCAVA during the 2013 special primary and special election for United States Representative from the State's Second Congressional District). The parties share the goal of providing UOCAVA voters with the opportunity guaranteed by Federal law to participate in the upcoming Eighteenth Congressional District special election, as well as future special elections for Federal office. The parties have negotiated in good faith and hereby agree to the entry of this consent decree as an appropriate resolution of the UOCAVA violations alleged by the United States. Accordingly, the United States and Defendants stipulate and agree that:

1. This action is brought by the U.S. Attorney General on behalf of the United States pursuant to UOCAVA, as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009) ("MOVE Act").

2. The U.S. Attorney General is authorized to enforce the provisions of UOCAVA, 52 U.S.C. § 20307, and this Court has jurisdiction of this action pursuant to 52 U.S.C. § 20307 and 28 U.S.C. §§ 1345 and 2201.

3. UOCAVA provides that UOCAVA voters shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 52 U.S.C. § 20302(a)(1). UOCAVA requires the State of Illinois

to ensure that validly requested absentee ballots are transmitted to UOCAVA voters in accordance with the statute's requirements. 52 U.S.C. §§ 20302 and 20310.

4. Pursuant to amendments made by the MOVE Act, Section 102(a)(8)(A) of UOCAVA requires that states transmit validly requested ballots to UOCAVA voters not later than 45 days before an election for Federal office when the request is received at least 45 days before the election, unless a hardship exemption is obtained pursuant to Section 102(g) of UOCAVA. 52 U.S.C. §§ 20302(a)(8)(A) and 20302(g).

5. Defendant Illinois State Board of Elections is the state body with general supervisory powers over the administration of election laws in Illinois and is comprised of eight members appointed by the Governor. 10 Ill. Comp. Stat. 5/1A-1. Steve Sandvoss is the Executive Director of the Illinois State Board of Elections and is sued in his official capacity.

6. Under Illinois law, depending on the jurisdiction, the county clerk or the Board of Election Commissioners serve as "election authorities" that are responsible for the conduct of elections, including the administration of absentee voting, in their respective jurisdictions. 10 Ill. Comp. Stat. 5/1-1 *et seq*. Election authorities transmit ballots to UOCAVA voters, receive ballots returned by UOCAVA voters, and count the ballots as part of the election process. The State of Illinois, however, retains responsibility for ensuring compliance with UOCAVA. For purposes of this decree, the parties understand that although the local election authorities will continue to send, receive, and count UOCAVA ballots as provided for in state law, the State bears the responsibility of ensuring that the requirements of UOCAVA and this consent decree are met.

7. Pursuant to the Illinois Election Code, when a vacancy occurs in the office of United States Representative in Congress more than 180 days before the next general election, the

Governor shall issue a writ within five days following the vacancy setting a date within 115 days to hold a special election to fill the vacancy. 10 Ill. Comp. Stat. 5/25-7(a).

8. Aaron Shock, the United States Representative from the State's Eighteenth Congressional District, resigned effective March 31, 2015, which is more than 180 days before the next election, thus triggering the Governor's obligation to issue a writ to hold a special election.

9. On March 31, 2015, the Governor issued writs ordering a special primary election and special election to fill the vacancy in the Eighteenth Congressional District. The Governor set the special election for July 24, 2015, and a special primary election, if necessary, for June 8, 2015.

10. Pursuant to the Illinois Election Code, the deadline for filing candidate nomination petitions must be at least 15 days after the issuance of the writ of election. *See* 10 Ill. Comp. Stat. 5/7-61. Moreover, petitions for nominations to fill a vacancy in the office of United States Representative in Congress from the State must be filed between 54 and 50 days before a special primary election. 10 Ill. Comp. Stat. 5/25-7(b). Additionally, objections to candidate nomination petitions may be made within five business days after the deadline for filing such petitions. 10 Ill. Comp. Stat. 5/10-8.

11. Effective June 1, 2015, ballots from UOCAVA voters postmarked by midnight on election day will be counted if they are received by the 14th day following Election Day. *See* 10 Ill. Comp. Stat. 5/20-8, as amended by S.B. 0172, 98th Gen. Assemb. (Ill. 2014) (enacted).

12. Compliance with the referenced Election Code provisions prevents the State from ensuring transmission of absentee ballots to UOCAVA voters at least 45 days before special elections for Federal office, including the recently scheduled special primary election and special

election. As a result, the Illinois statute violates Section 102(a)(8)(A) of UOCAVA, 52 U.S.C. § 20302(a)(8)(A).

13. To avoid the burdens, delays, and uncertainties of litigation and to efficiently and expeditiously promote the parties' shared goal of ensuring that Illinois's UOCAVA voters will have sufficient opportunity under Federal law to participate in the upcoming special election for Federal office, the parties agree that this Court should enter an order regarding the upcoming elections to fill the vacant office of Representative of the State's Eighteenth Congressional District: (1) enjoining the application of provisions of the Illinois Election Code governing the schedule for special elections to the extent they impede Defendants' compliance with UOCAVA's ballot transmission deadlines in the upcoming special elections; and (2) adopting the attached Election Calendar establishing July 7, 2015 as the date for the special primary election and September 10, 2015 as the date for the special election. The Election Calendar enlarges the time period for conducting such an election sufficiently to guarantee that special primary election and special election ballots can be transmitted to UOCAVA voters at least 45 days before the elections.

14. The parties reserve the right to modify this agreement as necessary, and to seek additional supplemental relief, if information regarding additional UOCAVA violations is discovered.

WHEREFORE, the parties having freely given their consent, and the terms of the Decree being fair, reasonable, and consistent with the requirements of UOCAVA, it is hereby ORDERED, ADJUDGED, and DECREED by the Court that:

    (1) Defendants are enjoined from applying the provisions of the Illinois Election Code governing the schedule for special elections to the

extent they impede Defendants' compliance with UOCAVA's ballot transmission deadlines in the upcoming special elections to fill a vacancy in the office of United States Representative from the State's Eighteenth Congressional District.

(2) Defendants shall, upon entry of this decree, order the pertinent election authorities to adopt the attached Election Calendar, which requires that absentee ballots timely requested by UOCAVA voters for the July 7, 2015 special primary election and September 10, 2015 special election be transmitted on or before the 45th day before those elections. Provided, however, that in any objection proceedings held pursuant to the Illinois Election Code, candidate nominating petitions drafted and/or circulated so as to comply with the writs of election issued by the Governor on March 31, 2015, shall not be ruled deficient by the Illinois State Board of Elections because of the new election dates required by this decree, nor because of any change in the petition circulation period imposed by the Illinois State Board of Elections to conform to the new election dates required by this decree.

(3) The Defendants shall provide a report to the United States Department of Justice no later than forty-three days before the July 7, 2015 special primary election concerning the transmittal of UOCAVA ballots by local election jurisdictions for that election. The report shall:

    a.    Certify whether absentee ballots were transmitted no later than the 45th day before the election to all qualified UOCAVA

voters whose applications for ballots were received and approved by that date; and

b.     Indicate, by local election jurisdiction, the number of requests received and the number of UOCAVA absentee ballots transmitted by the 45th day before the election.

(4) The Defendants shall provide a report to the United States Department of Justice no later than forty-three days before the September 10, 2015 special election concerning the transmittal of UOCAVA ballots by local election jurisdictions for that election. The report shall:

a.     Certify whether absentee ballots were transmitted no later than the 45th day before the election to all qualified UOCAVA voters whose applications for ballots were received and approved by that date; and

b.     Indicate, by local election jurisdiction, the number of requests received and the number of UOCAVA absentee ballots transmitted by the 45th day before the election.

(5) Upon entry of this consent decree, the Defendants shall issue a press statement for immediate release, posted immediately on the Illinois State Board of Elections website and distributed to the Federal Voting Assistance Program (FVAP); International Herald Tribune (http://www.iht.com); USA Today International (http://www.usatoday.com); Military Times Media Group (cvinch@militarytimes.com); Overseas Vote Foundation

(http://www.overseasvotefoundation.org/intro/); Stars and Stripes (http://www.estripes.com); and any other newspaper or news media within Illinois that Defendants determine appropriate to reach UOCAVA voters in the Eighteenth Congressional district. The news release shall, at a minimum: (a) summarize this order, clarifying the correct election dates; (b) identify the deadlines relevant to UOCAVA voters; and (c) provide appropriate contact information for the State Board of Elections for assistance.

(6) The Defendants shall take such actions as are necessary to assure that all future special elections for Federal office are conducted in accordance with UOCAVA, including proposing legislation and taking any administrative actions needed to alter Illinois' statutorily imposed timetable for conducting special elections for filling vacancies in the office of United States Representative in Congress. Specifically, the State Board of Elections will recommend amendments to the Election Code as required to enlarge the time period for conducting such elections sufficiently to guarantee that special primary election and special election ballots can be transmitted to UOCAVA voters at least 45 days before the date of the election. The parties agree to confer on the progress of this effort, and Defendants shall file with the Court a status report on this proposed legislation no later than June 2, 2015.

The Court shall retain continuing jurisdiction over this action until the State has adopted a UOCAVA-compliant timetable for conducting all future special primary elections and special elections to fill vacancies in the office of United States Representative in Congress. The Court may enter further relief as necessary for the effectuation of the terms of this consent decree and to abate any UOCAVA violation with respect to future Federal special elections.

The undersigned agree to entry of this consent decree.

For the Plaintiff:

| | |
|---|---|
| ZACHARY T. FARDON<br>United States Attorney<br>Northern District of Illinois | VANITA GUPTA<br>Acting Assistant Attorney General<br>Civil Rights Division |
| By: /s/ *Patrick W. Johnson*<br>PATRICK W. JOHNSON<br>Assistant United States Attorney<br>219 South Dearborn Street<br>Chicago, Illinois 60604<br>Telephone: (312) 353-5327<br>Patrick.johnson2@usdoj.gov | T. CHRISTIAN HERREN JR.<br>TIMOTHY F. MELLET<br>SPENCER R. FISHER<br>ANGELA J. MILLER<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 353-0099<br>Facsimile: (202) 307-3961 |

Date: April 6, 2015

For the Defendants:

State Board of Elections

By: *[signature]*

Title: *Executive Dir.*

LISA MADIGAN
Attorney General of Illinois

*[signature]*
THOMAS A. IOPPOLO
Assistant Attorney General
General Law Bureau
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
Telephone: (312) 814-3313
Facsimile: (312) 814-4425

Date: April 6, 2015

SO ORDERED this /4th day of April, 2015.

_____
United States District Judge